UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SERGE DuBOIS,

     Plaintiff,

 -against-

MACY'S RETAIL HOLDINGS, INC.

     Defendant.
------------------------------------------------------------X

MEMORANDUM & ORDER

11-CV-4904 (NGG) (LB)

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 13 2012 ★
BROOKLYN OFFICE

NICHOLAS G. GARAUFIS, United States District Judge.

Before the court is a motion filed by Defendant Macy's Retail Holdings, Inc. to dismiss Plaintiff Serge DuBois's complaint, and confirm an arbitral award against DuBois. (See Docket Entry # 25.) The court referred these motions to Magistrate Judge Lois Bloom (see Docket Entry # 16), and Judge Bloom has recommended that they be granted (see Report and Recommendation ("R&R") (Docket Entry # 35)). Judge Bloom also construed a document attached to DuBois's complaint as a cross-motion to vacate the arbitral award, and recommend that the cross-motion be denied. (See id. at 6 & n.6.) For the following reasons, R&R is ADOPTED as modified below. The motion to dismiss is GRANTED. The motion to confirm the arbitral award is GRANTED. The cross-motion to vacate the arbitral award is DENIED.

DuBois objects to the R&R.[1] (See Objections ("Obj.") (Docket Entry # 36).)

---

[1] DuBois's objections are untimely, but the court will nevertheless consider them. Rule 72(b)(2) of the Federal Rules of Civil Procedure limits a party's time to object to a report and recommendation to fourteen days from the day that the report and recommendation is served. The R&R reiterates this requirement. (See R&R at 20.) Judge Bloom filed the R&R on August 17, 2012, and the Clerk of Court mailed a copy to DuBois later that day. (See Docket Entry # 35.) Under Rule 5(b)(2)(C) of the Federal Rules, service of a paper such as a report and recommendation is complete when the paper is mailed. Accordingly, DuBois had until end of Friday, August 31, 2012, to file objections. The Clerk

1

The court reviews de novo those portions of the R&R to which DuBois properly objects. See 28 U.S.C. § 636(b)(1). A proper objection is one that identifies the specific portions of the report and recommendation that the objector asserts are erroneous and provides a basis for this assertion. See U.S. Flour Corp. v. Certified Bakery, Inc., No. 10-CV-2522 (JS) (WDW), 2012 WL 728227, at *2 (E.D.N.Y. Mar. 6, 2012). Conclusory or general objections are insufficient to trigger de novo review. See Pall Corp. v. Entergris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008); see also Mario v. P&C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (holding that plaintiff's objection to a report and recommendation was "not specific enough" to "constitute an adequate objection"). Those portions of the R&R to which there is no specific reasoned objection are reviewed for clear error. See Pall Corp., 249 F.R.D. at 51. As with all pro se submissions, the court construes DuBois's objections liberally. See Triestmann v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006).

DuBois first objects to "Judge Bloom's statement [ ] that the plaintiff did not raise a claim for 'color' in the arbitration proceeding or in the instant complaint." (Obj. ¶ 1.) The issue of whether DuBois's discrimination claims were based in part on "color," as opposed to being solely based on race, sex, and national origin, is not related to Judge Bloom's recommendations and in no way affects the outcome of this case. The court therefore accepts, arguendo, DuBois's

---

of Court, however, noted on the public docket that objections to the R&R would be due by Tuesday, September 4, 2012. (See Docket Entry # 35.) DuBois filed his objections on Wednesday, September 5, 2012, and thereby missed both the true and the posted deadline for filing objections. Because the objections are untimely, it would be within the court's discretion to ignore them and to review the entire R&R for clear error. See La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000); Gesualdi v. Mack Excavation & Trailer Serv., Inc., No. 09-CV-2502 (KAM) (JO), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010). But DuBois is pro se and he has filed his objections within one day of the posted deadline. Under these relatively unusual circumstances, the court will, sua sponte, grant DuBois a one-day extension of time to object to the R&R nunc pro tunc.

contention, and sustains this objection. The R&R is MODIFIED to assume arguendo that DuBois's discrimination claims, here and at arbitration, were based in part on "color."

Next, DuBois objects to Judge Bloom's construction of his complaint and attached affidavit as solely a motion to vacate the arbitral award pursuant to 9 U.S.C. § 10. (See Obj. ¶ 2.) According to DuBois, the affidavit accompanying his complaint should also be construed as motion under 9 U.S.C. § 11 to modify the award. (See id.) DuBois's affidavit is not styled as motion of any sort. Judge Bloom treated it as a motion to vacate only because pro se submissions are afforded a special liberal construction by the court. (See R&R at 6.) The court has reviewed the affidavit and it does not set forth any grounds to modify the arbitral award. (See Aff. of Serge DuBois (Docket Entry # 1).) Its thrust is that the arbitrator was unfair and biased, arguments that go to vacatur not modification. Compare 9 U.S.C. § 10 with id. § 11. The objection is overruled.

DuBois's third objection is to Judge Bloom's characterization of his arguments for vacating the arbitral award. (See Obj. ¶ 3) Judge Bloom construed DuBois's allegations as focused on 9 U.S.C. § 10(a)(1), (2) and (3). (See R&R at 8.) DuBois now claims that he also raised arguments related to the other ground for vacatur under § 10(a)—that "the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted to them was not made." See 9 U.S.C. § 10(a)(4). An "inquiry under § 10(a)(4) . . . focuses on whether the arbitrators had the power, based on the parties' submissions or the arbitration agreement, to reach a certain issue, not whether the arbitrators correctly decided that issue." DiRussa v. Dean Witter Reynolds, Inc., 121 F.3d 818, 824 (2d Cir. 1997). The court has reviewed DuBois's submissions in this case and cannot discern any

argument challenging the arbitrator's authority to issue an award on DuBois's discrimination claims.[2] The objection is overruled.

Fourth, DuBois objects to "Judge Bloom's statement that the plaintiff was given every opportunity to present his testimony, documentary evidence and witnesses, both during and after the arbitration." (Obj. ¶ 4.) In support of this objection he cites his affidavit (which was construed as a motion to vacate, see supra), two letters he wrote after the arbitration to the American Arbitration Association, and an affidavit from his wife. (See Obj. ¶ 4 (citing Aff. of Serge DuBois; Aff. of Linda DuBois (Docket Entry # 30-1); Ltr. of July 28, 2011 (Docket Entry # 30-2); Ltr. of Sept. 26 (Docket Entry # 30-2)).) Even if these self-serving documents are read liberally to allege that DuBois was not allowed to present evidence, such an argument is utterly belied by the record. The arbitrator included the following passage in his written award:

> The right to call witnesses and issue subpoenas was fully explained to Claimant [DuBois]. He repeatedly stated that he chose not to call any witnesses. Claimant was also given the opportunity to give direct testimony at the hearing, but he declined to do so. Instead, he insisted that the Amended Claim and other documents he had previously submitted told his entire story. It was explained to him that live supplemental testimony would aid his case, but he declined. As a result, I accepted Claimant's written submissions as his direct testimony. Claimant's case consisted of his arguments at the hearing, his testimony on cross-examination, his documentary exhibits and his cross-examination of Respondent's witnesses. He did not call any witnesses to corroborate his claims, despite having identified potential witnesses during the pre-hearing conferences and at the hearing itself.

(Arb. Award (Docket Entry # 1) ¶¶ 7-9 (citing Arb. Tr. (Docket Entry ## 30-4) at 6-9, 15-18, and 33-37).) The court has reviewed the arbitration's transcript, and it more than confirms the

---

[2] With respect to this objection, DuBois refers also to the transcript of the arbitration itself. (See Obj. ¶ 3.) The court has reviewed this portion of the transcript, and there is nothing there to indicate that DuBois questioned the arbitrator's authority or jurisdiction. (See Arb. Tr. (Docket Entry # 30-5) at 52-60.)

4

arbitrator's description of the proceedings. The arbitrator veritably implored DuBois to present evidence and testify during, and even after, the arbitration, but DuBois always refused. (See, e.g., Arb. Tr. (Docket Entry ## 30-4, 30-5, 30-6) at 6-9, 13-18, 31-37, 119-21.) DuBois indeed had "every opportunity" to fully present his case. The objection is overruled.

Fifth, DuBois objects to the section of the R&R that addresses 9 U.S.C. § 10(a)(3) (see Obj. ¶ 5.), but he does so solely in a conclusory fashion.[3] The objection is overruled.

DuBois's sixth objection is to Judge Bloom's refusal to consider certain materials that DuBois attached to his affidavit in opposition to the motion to dismiss. (Obj. ¶ 6.) It appears that DuBois is referring to an affidavit by his wife, Linda DuBois, an affidavit by one Beneze Duveneme (Docket Entry # 30-2), and a list of "additional claims for expenses and damages" (Docket Entry # 30-3). (See R&R at 16 n.15.) As these documents were submitted after DuBois filed his complaint, Judge Bloom correctly ruled that they cannot be considered in connection with his opposition to the motion to dismiss. See Fed. R. Civ. P. 12(d). Giving these documents an extremely liberal reading, however, the court concludes that Linda DuBois's affidavit relates to DuBois's court-construed motion to vacate. Accordingly, the court considers this affidavit as a supplement to the motion to vacate, and it determines that the affidavit does not affect Judge Bloom's analysis of vacatur motion in any way. The objection is sustained as to the affidavit of Linda DuBois and overruled as to the other documents described in this objection. The R&R is

---

[3] Judge Bloom determined that DuBois had failed to show that the arbitration was fundamentally unfair, as is required to obtain vacatur under § 10(a)(3). (See R&R at 12-14.) In his Objections, DuBois maintains that: "there is plenty of evidences [sic] demonstrating that the plaintiff was unfairly prejudiced during and after the arbitration process and that fundamental fairness was strongly violated"; "there is no ground for the arbitrator's decision to be inferred from the facts of the case"; and "the entire arbitration hearing is fraudulent." (Id.) DuBois makes no factual allegations to support these assertions.

5

MODIFIED to reflect the fact that the court has considered Linda DuBois's affidavit in connection with its review of Judge Bloom's recommendation that the motion to vacate be denied.

Seventh, DuBois objects to Judge Bloom's conclusion that his city-law discrimination claims must be dismissed pursuant to the election of remedies provision contained in the New York City Human Rights Law ("NYCHRL"). (See Obj. ¶ 7.) His principal argument is that his claims should survive because the clerk's office told him that his complaint was properly filed.[4] (Id.)

While it is not clear that an objection solely supported by frivolous arguments such as these is sufficient to avoid clear error review, cf. Pall Corp., 249 F.R.D. at 51 (conclusory objections do not trigger de novo review), the court—out of an abundance of caution—will nevertheless review this portion of the R&R de novo.

To begin with, all of DuBois's claims are barred by the doctrine of res judicata, see infra, and so his argument regarding Judge Bloom's alternative ruling is beside the point. That said, his city-law claims must also be dismissed because DuBois pursued them administratively before he filed suit against Macy's. Subject to several exceptions not implicated in this case, the NYCHRL requires claimants to choose between pursuing judicial or administrative remedies for their city-law-based discrimination claims. See N.Y.C. Admin. Code § 8-502(a). Where a claimant files charges with a city or state agency, he generally cannot reassert those claims in a

---

[4] DuBois also appears to argue that his city-law discrimination claims are cognizable because they may have been included in a prior complaint that was dismissed without prejudice. (See Obj. ¶ 7.) But the court did not address any of DuBois's claims in his prior case; it merely granted a motion to compel arbitration and dismissed the complaint accordingly. See DuBois v. Macy's East Inc., No. 06-CV-6522 (NGG) (LB), 2007 U.S. Dist. LEXIS 87039, at *1, *4 (E.D.N.Y. Nov. 26, 2007).

court of law. Id. DuBois brought his city-law claims before New York City Commission of Human Rights in 2005. (See CCHR Det. & Order of Dec. 7, 2005 (Docket Entry # 26-2).) He may not pursue them again here. The objection is overruled.

DuBois's eighth objection concerns Judge Bloom's statement that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." (Obj. ¶ 8.) Liberally construed, it appears that DuBois objects to Judge Bloom's conclusion that all of DuBois claims's are barred by the doctrine of res judicata.

Here, again, DuBois's arguments are so weak as to raise a real question about whether de novo review is merited, but, again, the court will give DuBois the benefit of the doubt and review this portion of the R&R de novo.[5]

An arbitral award can have just as much of a preclusive effect in federal court as can a judgment in a lawsuit. See Pike v. Freeman, 266 F.3d 78, 90-91 (2d Cir. 2001). The law is unclear as to whether a federal court should rely on state or federal law when it determines an arbitral award's preclusive effect, see id. at 90 n.14, but, for the purposes of this case, this does not matter because federal and New York are sufficiently similar, see id. Thus, the arbitral award is entitled to preclusive effect here if it: (1) involved an adjudication on the merits; (2) involved the same parties or their privies; (3) decided or could have decided the same claims at

---

[5] DuBois argues that res judicata should not apply because a previous action between these parties was dismissed without prejudice, and because his claims are meritorious. (See Obj. ¶ 8) The latter argument does not go to the issue of res judicata, and the former argument evinces a misunderstanding of the R&R. As Judge Bloom made clear, it is the arbitral award, not the dismissal of DuBois's prior complaint, that operates as res judicata in this case. (See R&R at 18.)

7

issue here. See id. at 91 (citing federal law). These elements are all easily met in this case (compare Arb. Award with Compl. (Docket Entry # 1)), and so all of DuBois claims must be dismissed.[6] The objection is overruled.

Ninth, DuBois purports to object to the entire R&R because Judge Bloom "should at least consider the inappropriate [sic] prejudiced bias and unfairness [sic] manner that [the arbitrator] behaved, conducted and decided the award, which included fraud, violation of fundamental fairness, partiality, and corruption." (Obj. at 9.) Even liberally construed as an attack limited to the part of R&R that addresses DuBois's motion to vacate, this objection is extremely general. It is also almost entirely conclusory.[7] (Id.) The court therefore concludes that this objection is insufficient to merit de novo review of any portion of the R&R. The objection is overruled.

Tenth, DuBois again purports to object to the entire R&R, this time on the grounds that Judge Bloom did not overturn the arbitral award on its merits. (Obj. ¶ 10.) The court does not

---

[6] The court may dismiss a complaint under Rule 12(b)(6) based on an affirmative defense that appears on the face of the complaint. Jones v. Block, 549 U.S. 199, 215 (2007). Here, DuBois attached a copy of the arbitral award to his complaint, and thereby incorporated it into his pleadings.

[7] Read liberally, Dubois makes one allegation related to his otherwise conclusory assertion of partiality: that the arbitrator failed to sanction Macy's when it "exhibited additional fraudulent documents during the [arbitral] hearing, [and] failed to exhibit several other documents to the hearing." (Obj. ¶ 9.) The remainder of his arguments in connection with this objection, however, do not relate to fraud or arbitral misconduct. He attacks Judge Bloom for failing to consider his wife's affidavit; reminds the court that he alleged fraud in his court-construed motion to vacate; and complains that he never received a certain check, the relevance of which the court is unable to discern from the objections or the R&R. (See id.)
      The arbitrator's failure to sanction Macy's does not constitute partiality or corruption for the purposes of § 10(a)(2). "In this Circuit, evident partiality within the meaning of 9 U.S.C. § 10 will be found where a reasonable person would have to conclude that an arbitrator was partial to the arbitration." Scandinavian Reinsurance Co. v. St. Paul Fire & Marine Ins. Co., 668 F.3d 60, 73 (2d Cir. 2012). Here, no reasonable person could conclude that the arbitrator's failure to sanction Macy's exhibited bias. The arbitrator found that the documents in question were authentic (see Arb. Award ¶ 10), and there was no evidence besides DuBois's self-serving testimony on which he could have found otherwise.

8

have the authority to review the merits an otherwise properly entered arbitral award. Cf. 9 U.S.C. §§ 10 and 11 (providing grounds for vacatur and modification of arbitral awards). The objection is overruled.

DuBois's eleventh objection is to Judge Bloom's determination that DuBois had failed to show that the arbitrator was biased against him. (Obj. ¶ 11.) According to DuBois, "the nature of the entire arbitration hearing and the unfair outcome of the award establish strong evidence of bias, fraud, corruption, undue means, misconduct, misbehavior and excessive power, and the plaintiff has established everything that the court requires to vacate an arbitration award." (Id.) This objection is utterly conclusory. The objection is overruled.

Finally, for his twelfth objection, DuBois delivers a purely merits-based defense of his claims. (Obj. ¶ 12.) The court has already determined that DuBois's claims must be dismissed because they are barred by the doctrine of res judicata. Their underlying merit is therefore irrelevant. The objection is overruled.

The court has reviewed the remainder of the R&R for clear error and finds none.

The court accordingly ADOPTS the R&R as modified above. The motion to dismiss is GRANTED. The motion to confirm the arbitral award is GRANTED. The cross-motion to vacate the arbitral award is DENIED. The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated: Brooklyn, New York
September 10, 2012

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge